# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

LORI DIAZ,

        Plaintiff,

   v.

ATKINSON COUNTY, GEORGIA; M-
SPACE HOLDINGS, LLC; VICTOR B.
SUTTLES; and SUTTLES & ASSOCIATES,

       Defendants.

CIVIL ACTION NO.: 5:15-cv-16

## O R D E R

Before the Court are the parties' Consent Motion for Extension of Time to Enlarge Discovery (doc. 32) and Defendant Atkinson County, Georgia's Motion to Stay Discovery pending resolution of its Motion to Dismiss (doc. 39). The Court held a telephonic hearing on these Motions on July 24, 2015. For the reasons stated at that hearing and laid out below, the parties' Consent Motion for Extension of Time (doc. 32) is **GRANTED**, and Defendant Atkinson County's Motion to Stay is **GRANTED IN PART**.

## BACKGROUND

Plaintiff filed this action on March 4, 2015 against Atkinson County and three other Defendants. (Doc. 1.) After the parties submitted a Rule 26(f) Report, the Court issued a Scheduling Order on June 8, 2015. (Doc. 14.) Pursuant to that Order, amended pleadings are due on August 3, 2015, and discovery is set to expire on November 2, 2015. Id. On July 15, 2015, the parties submitted a Consent Motion to Enlarge Discovery. (Doc. 32.) Therein, the parties represented that they have diligently pursued discovery to date including the exchange of

"thousands of pages of documents." (Id. at p. 2.) However, the parties agreed that an extension of all discovery deadlines was necessary in order for the parties to have enough "information to determine whether the pleadings should be amended by the August 3 deadline." Id.

On July 17, 2015, Plaintiff filed a Motion to Amend her Complaint (doc. 33) which the Court granted (doc. 35). Plaintiff's First Amended Complaint added two additional Defendants and additional claims. (Doc. 36.) On July 22, 2015, Defendant Atkinson County moved to dismiss the First Amended Complaint on grounds of sovereign immunity. (Doc. 38.) Contemporaneous with that Motion, Atkinson County moved to stay discovery while the Motion to Dismiss is pending. (Doc. 39.) Atkinson County contended that it should "not be subject to wide ranging discovery until this court has the opportunity to rule upon the Motion to Dismiss." (Id., at p. 3.) Plaintiff responded in opposition to Atkinson County's Motion to Stay contending, among other things, that "discovery is necessary for Plaintiff to timely determine if a Second Amended Complaint should be filed and if additional parties should be added to this litigation." (Doc. 45 at 2.) At the telephonic hearing, the parties took essentially the same position as in their pleadings with the Defendants other than Atkinson County stating that they do not oppose the Motion to Stay.[1]

## DISCUSSION

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any

---

[1] The two Defendants that Plaintiff recently added via her First Amended Complaint have not yet been served and, therefore, did not attend the telephonic hearing.

legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists for a limited stay of discovery while Defendant Atkinson County's Motion to Dismiss is pending. A ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery. Furthermore, Plaintiff has recently added two Defendants to this action, and those Defendants have not yet been served. Additional discovery at this stage without those Defendants' participation could result in duplicative discovery efforts later in the case. However, Plaintiff's counsel echoed at the telephonic hearing the need for additional discovery to ensure that she names all proper parties to this litigation. Plaintiff's efforts on this front should not be obstructed while Atkinson County's Motion to Dismiss is pending. To the extent that Plaintiff needs discovery to respond to Atkinson County's Motion to Dismiss, she should be allowed to obtain it.

THEREFORE, IT IS HEREBY ORDERED that all deadlines and discovery in this matter are **STAYED until the resolution of Atkinson County's Motion to Dismiss** except for the following. Plaintiff shall be allowed to conduct discovery limited to the issues of: (1) whether she needs to amend her Complaint to name additional parties to this action; and (2) discovery that is necessary, if any, to respond to Atkinson County's Motion to Dismiss. This limited discovery period shall last until **August 24, 2015**. The deadline for the parties to file motions to amend or to add parties is hereby extended to **August 31, 2015**. This ruling does not affect Plaintiff's obligation and deadline to file a response to Atkinson County's Motion to Dismiss.[2]

Within **fourteen (14) days** of this Court's ruling on Atkinson County's Motion to Dismiss, all remaining parties shall hold a conference pursuant to Federal Rule of Civil Procedure 26(f). The parties shall file a Supplemental Rule 26(f) Report with the Court within **seven (7) days** of their Rule 26(f) Conference.[3]

**SO ORDERED**, this 24th day of July, 2015.

_____

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] As the Court stated at the hearing, should Plaintiff discover that she needs additional time to respond to the Motion to Dismiss, she should file a Motion requesting an extension.

[3] The Court notes that Plaintiff has filed several discovery related items on the Court's docket. (See, Docs. 18-31, 40-43.) Plaintiff's counsel is reminded that discovery matters, including certificates of service of discovery "must not to be filed until they are used in the proceeding or the Court orders filing." Fed. R. Civ. P. 5(d)(1); see also, L.R. 26.4.